# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

HOWARD FRANCIS,

    Petitioner,

v.                                                                                    No. CV 19-160 WJ/CG

UNITED STATES OF AMERICA,

    Respondent.

## ORDER TO TRANSFER

**THIS MATTER** is before the Court *sua sponte* on Petitioner Howard Francis' letter to the Court, (Doc. 1), filed February 19, 2019, which the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"). In his Petition, Mr. Francis challenges the computation of and manner in which his sentence is being carried out by the Bureau of Prisons at FCI Phoenix. (Doc. 1 at 1-2). The Court orders that the case be transferred to the United States District Court for the District of Arizona, the District of Mr. Francis' incarceration.

Mr. Francis was convicted and sentenced in the District of New Mexico. *See* No. CR 16-4222 WJ, Doc. 58. However, Mr. Francis' Petition does not challenge his conviction or sentence in CR 16-4222 WJ but, instead, challenges the manner in which his sentence is being carried out. (Doc. 1 at 1-2). The Court construes Mr. Francis' Petition as a habeas corpus proceeding under 28 U.S.C. § 2241. *See, e.g., Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 (3rd Cir. 2005); *Levin v. Apker*, 455 F.3d 71 (2nd Cir. 2006) (challenge to denial of placement is not an attack on lawfulness of the sentence, but rather an attack on execution of the sentence, and is governed by §

1

2241); *Crim v. Benov*, No. 1:10-cv-1600-OWW-JLT HC, 2011 WL 1636867 (E.D. Cal. Apr. 29, 2011) (challenge to alleged failure by BOP to properly apply the Second Chance Act was challenge to the execution of the sentence and maintainable only in a habeas corpus proceeding); *Kraft v. Cruz*, No. 3:09-cv-1526-M ECF, 2010 WL 882993 (N.D. Tex. Mar. 9, 2010) (finding action to contest placement of only 30-60 days in RRC cognizable under § 2241). A petition pursuant to § 2241 challenging such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions must be brought in the federal district of the prisoner's incarceration, not in the district of conviction. *Rumsfeld v. Padilla,* 452 U.S. 426, 442-43 (2004).

Mr. Francis has filed a habeas corpus proceeding asking the Court to review the manner in which the Bureau of Prisons is carrying out his sentence. Mr. Francis may seek habeas corpus review of confinement only in the federal district where Mr. Francis is incarcerated. Mr. Francis is presently incarcerated at FCI Phoenix in the District of Arizona. (Doc. 1 at 1). The Court will therefore transfer this proceeding to the United States District Court for the District of Arizona. *Rumsfeld v. Padilla,* 452 U.S. at 442-43.

**IT IS THEREFORE ORDERED** that the **CLERK** is directed to **TRANSFER** this case to the United States District Court for the District of Arizona.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE